ELIZABETH BARNES, APPELLANT, *v.* JEREMIAH WINTRINGHAM, RESPONDENT.

*Mutual mistake of fact — when the party aggrieved will be relieved in equity.*

December 15, 1875, the defendant loaned to Mrs. Roper $2,000, and received from her four bonds for $500 each, secured by four mortgages given by her, one upon each of four houses then owned by her, upon each of which a mortgage for $3,000 already existed. February 2, 1877, the plaintiff, who had purchased one of the said houses, known as No. 166½, subject to the two mortgages, paid to the defendant the sum of $500, the said sum being paid and accepted with the intention of paying and discharging the $500 mortgage held by the defendant upon the plaintiff's house. By a mutual mistake the bond and mortgage held by the defendant against the adjoining house, No. 168, which was still owned by Mrs. Roper, and a satisfaction piece thereof were delivered to the plaintiff, and the said satisfaction piece was by her duly filed in the county clerk's office. Thereafter Mrs. Roper gave a new mortgage for $500 upon the said house, No. 168, and subsequently the prior $3,000 mortgage thereon was foreclosed, in an action to which the defendant was a party defendant, and a surplus of $155 19 realized upon the sale had thereon.

This action was brought by the plaintiff, upon discovering the mistake which had been made, to have the mortgage existing upon her house, No. 166½, declared satisfied and discharged.

*Held*, that she was entitled to a judgment to that effect.

That the bond and mortgage were in fact satisfied and discharged by the payment made by her, and that her rights were in no way prejudiced or affected by the defendant's mistake in delivering to her the wrong papers.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

*William B. Davenport*, for the appellant.

*Erastus New*, for the respondent.

PRATT, J.:

In December, 1875, Margaret A. Roper owned four houses and lots in Brooklyn, each of them incumbered and subject to a mortgage to secure a bond of $3,000. On the fifteenth of that month defendant loaned Margaret A. Roper $2,000, to secure which sum she gave back four separate bonds of $500 each. These bonds were respectively secured by a separate mortgage given by her upon one of each of the four houses respectively. The mortgages were all recorded about the same day. The plaintiff purchased one of the four houses from Margaret A. Roper, subject to the two mortgages. The houses had meantime been numbered, plaintiff's number being 166½. On the 2d day of February, 1877, the plaintiff, intending to pay off the $500 on her house No. 166½, paid the defendant the full amount due on that $500 bond and mortgage, and the defendant received the money, knowing her purpose, and himself intending to accept the money in satisfaction of that indebtedness. The defendant gave to plaintiff a satisfaction piece, which by mutual mistake described the wrong mortgage. It purported to satisfy the mortgage on the house and lot adjoining the plaintiff's property No. 168. The defendant at the same time gave to plaintiff the wrong bond and mortgage, *i. e.*, the one covering No. 168. The plaintiff filed the satisfaction piece before the mistake was discovered, and so the record of the wrong mortgage was marked discharged. Afterwards, and before the discovery of the error, Margaret A. Roper, who still owned the adjoining

premises (No. 168) which had been erroneously discharged, executed another $500 mortgage upon the property. In January, 1882, the holder of the first $3,000 mortgage on No. 168 brought a foreclosure suit making defendant a party. Judgment was recovered and the property was sold, leaving a net surplus of $155.19. After discovery of the error the plaintiff's attorney called on defendant's attorney and offered to deliver up the bond and mortgage which she had received, and asked for a satisfaction piece of the mortgage on the plaintiff's property. The plaintiff sued defendant to have the $500 mortgage on her premises (No. 166½) declared satisfied. The court at Special Term refused her prayer. I think this was error. The plaintiff paid and defendant received the money. The indebtedness upon the bond was extinguished. The mortgage, which was a mere collateral to that bond, became satisfied and ceased to be a lien upon the premises. The bond and mortgage upon her property then became *functus officio*, but the mortgage still remained as an apparent lien upon her property, she was therefore entitled to have from the defendant some evidence that the mortgage had been in fact satisfied and to have the record cleared of the apparent lien.

The decision below proceeds upon the theory of mutual mistake. But there was no mistake in paying the debt, nor in the actual satisfaction of the mortgage. The mistake was made after the mortgage was actually satisfied, and in giving the mere evidence of that satisfaction the delivery of the wrong bond and mortgage and the execution of an erroneous satisfaction piece, did not revive the debt or lien which had been paid and discharged. It was a blunder for which the defendant was primarily responsible. He uttered the paper which worked the mischief of which he complained, knowing its intended use. Plaintiff had done her whole duty when she paid the debt. Defendant then undertook to clear the record and by mistake he cleared off the wrong mortgage. He cannot be heard to plead his own blunder as against the plaintiff's plain right to a clean record and his plain duty to give her a proper satisfaction piece.

Nor is there any element of estoppel, because the plaintiff's conduct has not prejudiced him. He sent her to the register's office with an improper paper. It was his act which resulted in the entry of the discharge of the wrong mortgage. The fault was primarily

his own.   There surely can be no equity in his keeping her money as indemnity against his own blunder.

The judgment should be reversed, with disbursements on this appeal, but without other costs, and judgment should be entered declaring said mortgage satisfied and directing the register to mark the mortgage upon plaintiff's property as discharged in pursuance of the decree to be so entered.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment reversed with disbursements and no other costs of appeal.   Decree made that the mortgage on plaintiff's property is paid and directing register to cancel same.